**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AL-TAKKEY J. FENDERSON, # R32200, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 13-cv-01296-JPG** |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, WEXFORD HEALTH ) | |
| CARE, MARC HODGE, DR. JOHN COE, ) | |
| and DR. PHIL MARTIN, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Al-Takkey Fenderson, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1). Plaintiff claims that during his incarceration at Lawrence, Defendants failed to provide him with adequate medical treatment for a broken leg, in violation of his Eighth Amendment rights, and a cell equipped with handrails, in violation of the ADA. He also claims that Defendants violated his Fourteenth Amendment right to due process of law. Plaintiff now sues Defendants Illinois Department of Corrections ("IDOC"), Wexford Health Care ("Wexford"), Marc Hodge (Lawrence's warden), John Coe (Lawrence medical doctor), and Phil Martin (Lawrence healthcare administrator/doctor) for monetary damages and injunctive relief, including a preliminary injunction.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss some of Plaintiff's claims, as discussed in more detail below.

**The Complaint**

According to the complaint, Plaintiff broke his lower right leg while playing basketball at Lawrence in April 2013[1] (Doc. 1, p. 6).  X-rays confirmed that Plaintiff's leg required surgery. Defendants Wexford and Coe referred Plaintiff to an outside provider.[2]  On May 7th, the outside provider placed metal plates and screws in Plaintiff's lower right leg.

Plaintiff was scheduled for a follow-up visit in July.  For reasons unknown to him, the appointment was cancelled and never rescheduled.  Plaintiff saw Defendant Coe on August 19th. He complained of excruciating pain, a grinding sensation, constant swelling, and difficulty walking.  An x-ray taken two days later revealed that the screws placed in Plaintiff's leg during his May surgery had failed (Doc. 1, p. 7).  Even so, Defendants Wexford, Coe, and Martin refused to send Plaintiff back to the outside provider for corrective surgery.

Also according to the complaint, Plaintiff should have received accommodations for his disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1, p. 7).  Plaintiff has allegedly been placed on Lawrence's "disabled list" (Doc. 1, p. 7). According to the complaint, he requires a cell with handrails because his right leg cannot support his weight.  Defendants Coe, Martin, and Hodge have denied Plaintiff's requests for such a cell.

---

[1] All of the events giving rise to this action occurred in 2013.
[2] The outside provider is not named as a defendant in this action.

Plaintiff now sues Defendants under the Eighth Amendment, Fourteenth Amendment, and ADA. Plaintiff seeks monetary damages and injunctive relief, including a preliminary injunction.

## Discussion

After carefully considering the allegations, the Court finds that the complaint states a colorable claim against Defendants Hodge, Coe, and Martin under the Eighth Amendment for deliberate indifference to Plaintiff's medical needs, i.e., specifically, his need for corrective leg surgery (**Count 1**). "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

> Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). At this early stage in litigation, the Court finds that the complaint satisfies the minimum pleading requirements of an Eighth Amendment

medical needs claim.  Accordingly, Plaintiff shall be allowed to proceed with Count 1 against Defendants Hodge, Coe, and Martin.[3]

The complaint also articulates a colorable claim against Defendants Hodge, Coe, and Martin under the ADA for denial of a cell with handrails (**Count 2**).  Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability. . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132 (2006).  The Supreme Court has held that the ADA applies to prisons.  In *Penn. Dep't of Corr. v. Yeskey,* 524 U.S. 206 (1998), the Supreme Court held: "State prisons fall squarely within the statutory definition of 'public entity'. . . . The text of the ADA provides no basis for distinguishing these programs, services, and activities from those provided by public entities that are not prisons."  *Id*. at 210.  The Court further held in *U.S. v. Georgia*, 546 U.S. 151 (2006), that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA *if* the state actor's conduct also violates the Eighth Amendment.  *See Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010).  In the instant case, Plaintiff states a claim for an Eighth Amendment violation.  He shall also be allowed to proceed with Count 2 against Defendants Hodge, Coe, and Martin.

However, the complaint fails to state a viable due process claim against any Defendants under the Fourteenth Amendment (**Count 3**) (Doc. 1, p. 7).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[3] As discussed in more detail below, all claims against Defendants IDOC and Wexford shall be dismissed.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

With regard to the Fourteenth Amendment claim, the complaint alleges that Defendants have "ignor[ed] a serious medical condition without due process violated Plaintiff Al-Takkey Fenderson, rights and constituted a due process, cruel and unusual punishment and an ADA violation under the Eighth Amendment Fourteenth Amendment, and ADA Act of 1990. . . ." This allegation is virtually incomprehensible.  Beyond this, the complaint does not develop any factual or legal basis for a Fourteenth Amendment claim.  The Court finds that the allegations related to this claim are so sketchy that they do not put Defendants, or the Court, on notice of a claim.  Accordingly, Plaintiff shall not be allowed to proceed with Count 3, and this claim shall be dismissed without prejudice.

**IDOC and Wexford**

Further, Plaintiff's claims against Defendants IDOC and Wexford fail entirely.  The IDOC is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Accordingly, Defendant IDOC is dismissed from this action with prejudice.

The same holds true for Wexford.  Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).  Accordingly, Defendant Wexford is also dismissed from this action with prejudice.

**<u>Pending Motion</u>**

Plaintiff has filed a motion for preliminary injunction (Doc. 2).  In the motion, Plaintiff realleges the facts summarized in this Order.  He asks the Court to issue an injunction requiring Defendants to send him for a follow-up appointment with his outside provider and to immediately schedule corrective surgery (Doc. 2, p. 2).

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.  Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the ultimate merits of Plaintiff's claim for relief, the Court finds that a preliminary injunction should *not* be issued at this time.  With respect to these claims, the motion for preliminary injunction does not set forth specific facts demonstrating the likelihood of any immediate or irreparable harm, nor do they meet any of the remaining criteria

6

outlined above.  *See* FED. R. CIV. P. 65(b)(1)(A).  Further, despite requesting corrective leg surgery, Plaintiff otherwise indicates that his leg has been consistently treated.  At this time, Plaintiff's motion for a preliminary injunction (Doc. 2) is **DENIED**; however, this dismissal is without prejudice.

**Disposition**

      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **DISMISSED** without prejudice.

      **IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief can be granted.

      **IT IS ALSO ORDERED** that **DEFENDANTS ILLINOIS DEPARTMENT OF CORRECTIONS** and **WEXFORD HEALTH CARE** are dismissed with prejudice from this action.

      With respect to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS HODGE, COE,** and **MARTIN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

8

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2014**

*s/ J. Phil Gilbert*
United States District Judge