IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AL-TAKKEY J. FENDERSON, # R32200,  )
                                    )
                   Plaintiff,       )
                                    )
vs.                                 )   Case No. 13-cv-01296-JPG
                                    )
ILLINOIS DEPARTMENT OF              )
CORRECTIONS, *et al.*,              )
                                    )
                   Defendants.      )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for *sua sponte* reconsideration of "Count 2" in the referral order (Doc. 6, p. 4). For the reasons set forth below, Count 2 shall be broadened to include a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Plaintiff shall be allowed to proceed with Count 2 against Defendant Illinois Department of Corrections ("IDOC"), and this claim shall be dismissed against Defendants Hodge, Coe, and Martin.

### Discussion

In the complaint, Plaintiff alleges that he was placed on the "disabled list" at Lawrence Correctional Center, after he broke his lower right leg and corrective surgery failed (Doc. 1, pp. 6-7). Plaintiff's right leg does not support his body weight, so he has difficulty moving around his cell (Doc. 1, p. 7). Plaintiff allegedly requires a cell with handrails. His requests for a different cell have been denied.

Upon preliminary review of the complaint under 28 U.S.C. § 1915A, the Court found that the complaint states a viable ADA claim (**Count 2**), and this Order does not disturb that finding.

1

However, the complaint did not mention the Rehabilitation Act. Upon further review, the Court now expands Count 2 to include a Rehabilitation Act claim.

Courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when a litigant is proceeding *pro se*. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted). To state a claim under the Rehabilitation Act, the complaint must only allege that: (1) Plaintiff is a qualified person; (2) with a disability; and (3) the IDOC denied him access to a program or activity because of his disability. *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). The Supreme Court "has located a duty to accommodate in the statute generally," and refusing to make reasonable accommodations is tantamount to denying access. *Id*. (citing *Wis. Cmty. Serv.*, 465 F.3d 737, 747 (7th Cir. 2006); *Alexander v. Choate*, 469 U.S. 287, 300-01 (1985)).

In order to satisfy the pleading standards for this claim, Plaintiff is required to plead facts that "plausibly (even if improbably) support each element of his claim." *Jaros*, 684 F.3d at 672 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011)). The complaint satisfies this standard. In fact, the analysis under the ADA and Rehabilitation Act is the same in this particular suit, except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons. *See Jaros*, 684 F.3d at 671. Accordingly, Plaintiff shall be allowed to proceed with the ADA claim, as well as a Rehabilitation Act claim, under Count 2.[1]

---

[1] As a practical matter, dismissal of one of these claims would have no effect on the scope of Plaintiff's remedy. *Jaros*, 684 F.3d at 671-72. The relief available to Plaintiff under the ADA and the Rehabilitation Act is coextensive. *See* 29 U.S.C. § 794A; *see also* 42 U.S.C. §12117 (both incorporating 42 U.S.C. § 2000e-5 for a private right of action). Plaintiffs may have only one recovery. *Jaros*, 684 F.3d at 671. Given the early stage in litigation, however, the Court will allow Plaintiff to proceed on both claims under Count 2.

Turning to the issue of *who* to sue, the Court notes that Count 2 cannot proceed against the individual defendants named in connection with this claim, including Defendants Hodge, Coe, and Martin. Individual employees of the IDOC cannot be sued under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670. The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff named the IDOC as a defendant, and he shall be allowed to proceed with **Count 2** against the IDOC. Therefore, the IDOC shall be reinstated as a defendant for purposes of Count 2, and this claim shall be dismissed against Defendants Hodge, Coe, and Martin.

## Disposition

**IT IS HEREBY ORDERED** that **Count 2** is broadened to include claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** against Defendants Hodge, Coe, and Martin. The **CLERK** is directed to **REINSTATE** Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** as a defendant, for purposes of Count 2 only.

In light of the fact that IDOC has not yet been served, **IT IS ORDERED** that the Clerk of Court shall prepare for defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), the referral order (Doc. 6), and this Memorandum and Order to the Director of IDOC, S.A. Godinez, 1301 Concordia Court, P.O. Box. 19277, Springfield, IL 62794. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the plaintiff shall serve upon the defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendants or counsel. If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2012-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 21, 2014**

*s/ J. Phil Gilbert*
United States District Judge