UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AL-TAKKEY J. FENDERSON,

    Plaintiff,

  v.

ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH CARE, MARC HODGE, DR. JOHN COE, DR. PHIL MARTIN and WARDEN STEPHEN DUNCAN,

    Defendants.

No. 13-cv-1296-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 64) of Magistrate Judge Philip M. Frazier recommending that the Court deny the motions for a preliminary injunction and temporary restraining order ("TRO") filed by plaintiff Al-Takkey J. Fenderson (Docs. 54 & 55). Fenderson has objected to the Report (Doc. 65) and defendant Dr. John Coe has replied to that response (Doc. 72).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In his motions, Fenderson seeks corrective surgery and follow-up care by an outside medical provider regarding "disrupted" surgical hardware in his leg. The Report found that Fenderson had received x-rays on May 28, 2015, and that the defendants are considering whether

outside referral for evaluation and care is appropriate.   That decision-making process was to occur June 23, 2015.   Magistrate Judge Frazier concluded that Fenderson had not shown he would suffer irreparable harm without preliminary injunctive relief.

Fenderson objects, contending the current treatment is inadequate because it is not resolving the problem, which has existed since 2013.   He believes he will not be given the treatment he needs unless the Court orders it in a preliminary injunction or TRO.

In his reply, Dr. Coe reports that the defendants have completed the process for considering an outside referral and that Fenderson has been referred for a consultation with an outside orthopedic surgeon.   The consultation is scheduled to occur on or before September 19, 2015.

The Court has reviewed the matter *de novo* and concludes that Fenderson has not shown his is entitled to a preliminary injunction or a TRO.   The defendants are currently providing him treatment and are in the process of giving him what he seeks in his motions – a referral to an outside provider.   Therefore, he will not suffer irreparable harm if the Court does not order injunctive relief.   Accordingly, the Court hereby:

- **ADOPTS** the Report (Doc. 64) as **SUPPLEMENTED** by this order; and
- **DENIES** Fenderson's motions for a preliminary injunction and TRO (Docs. 54 & 55).

**IT IS SO ORDERED.**
**DATED:   August 4, 2015**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**